No. 81-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

KEVIN SAYERS,

Defendant and Appellant.

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli
               Honorable Douglas Harkin, Judge presiding.

Counsel of Record:

    For Appellant:

        Recht and Greef, Hamilton, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
        Robert B. Brown, County Attorney, Hamilton, Montana

Submitted on briefs:   February 18, 1982

Decided:   July 15, 1982

Filed: JUL 15 1982

_Thomas J. Kearney_
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant Kevin J. Sayers appeals a Ravalli County District Court judgment finding him guilty of possession of dangerous drugs (marijuana). The appeal concerns only the issue of whether the trial court should have granted a motion to suppress the use at trial of live marijuana plants, dried marijuana, and paraphernalia. We affirm.

On three grounds, two of which involve claims of an invasion of his right to privacy, he claims that entry and search of his apartment by his landlord was illegal. First, he claims there were no exigent circumstances justifying the landlords' entry and that he did not consent, expressly or impliedly, to that entry. Second, he claims that the landlords' observation of marijuana plants in his closet was not inadvertent and therefore constituted a search. And third, he claims that a search warrant issued after the landlords' entry was not supported by reliable allegations on the part of the landlords.

We hold that under the terms of the lease the landlords had a right to enter the apartment to retrieve their vacuum cleaner. Second, we hold that the landlords' observations were inadvertent and did not constitute a search. Third, we hold that the search warrant, issued not only on the statements of the landlords, but also on the allegations of the police officer called into the apartment by the landlords to observe the evidence, was based on reliable evidence.

The defendant was a high school senior who was renting an apartment in Hamilton. In the middle of February 1981, he notified his landlords, Lyle and Ruby Williamson, that he was going to move out of his apartment at the end of the

month.  At that time, he gave the Williamsons oral permission to show his apartment to prospective renters.  Further, the written rental agreement between the defendant and the Williamsons provided:

> "The owner . . . reserves the right to
> enter the unit at all reasonable times,
> and reserves the right to show the unit
> to other prospective tenants after notice
> has been given."

On approximately February 26, the defendant borrowed the Williamsons' vacuum cleaner kept in a hall closet and available for tenant use.  On February 28, Mr. Williamson could not locate the vacuum cleaner, but learned from his wife that the defendant had last used it.  When there was no answer at the defendant's door, the Williamsons entered the apartment and immediately observed their vacuum cleaner in the middle of the living room.  Mr. Williamson walked into the room to get the vacuum cleaner, and Mrs. Williamson went to leave a note on the defendant's kitchen table.  Mr. Williamson testified that he then noticed a bright light on the floor of a closet, and was concerned that a lamp had fallen over and might start a fire.  He testified that he ". . . glanced over and the door was open to the closet and the [marijuana] plants were in the closet."  He also testified that he had previously seen pictures of marijuana and some live marijuana plants at City Hall.

A police officer was called to examine the plants and a search warrant was issued based on his observations.

In ruling on the defendant's motion to suppress, the trial court held that the police officer's observations could not be used to support the warrant because the defendant did not consent to the officer's entry.  The trial court did hold that the defendant's continued possession of the vacuum cleaner implied that he had consented to let his

landlords enter the apartment to retrieve the vacuum cleaner.
The trial court then distinguished State v. Hyem (1981), ___
Mont. ___, 630 P.2d 202, 38 St.Rep. 891, on the basis that
here the landlord's intrusion was consensual and their
observation of the marijuana plants were inadvertent. The
trial court held that the:

> ". . . defendant could not realistically have
> had an expectation of privacy when he must be
> charged to have known that the landlord might
> reasonably have concluded that he had vacated
> the apartment, or that the landlord might have
> shown the apartment to others or come looking
> for the vacuum cleaner."

First, we agree with the trial court that defendant
consented to the entry of his apartment, but on a broader
ground than that on which the trial court ruled. Rather, we
hold that the landlords' entry was justified by the lease
provision in which the landlords' reserved ". . . the right
to enter the premises at all reasonable times . . ." Surely,
based on this provision, their entry was justified when they
did not know whether the defendant had abandoned the premises
and taken their vacuum cleaner with him.

Second, we hold that once the landlords had legally
entered the apartment, they had a right to peer in the
closet eight feet away, even though they had already seen
the vacuum cleaner in the middle of the apartment floor.
The landlords testified that they noticed light coming from
the closet floor and were concerned that a lamp had fallen
over and could constitute a fire hazard. An unexpected
light coming from a closet would certainly attract anyone's
attention, particularly that of a landlord. To hold that
the landlords had no right to peer into this closet because
they had no express or implied consent from defendant to do
so would be to ignore reality. Defendant does not argue

-4-

that the landlords expected to find marijuana or were searching for marijuana. The landlords' observations were made because of the light coming from the closet rather than from their desire to search the closet with the expectation that they would find marijuana.

Third, we hold that the application for a search warrant was legally sufficient. The trial court held that the search warrant was valid even though the police officers' observations could not be used as a basis for the search warrant; rather, the trial court held that the landlords' evidentiary statements in the affidavit was sufficient to constitute probable cause. Defendant, relying on the trial court's ruling that the police officer's observations could not be used to support the application for a search warrant, argues that the landlords' observations were legally insufficient. But we need not address that contention. We hold that the landlords could, under the circumstances, permit the police officer to observe the items in the closet, and therefore that the police officers' observations could be used as the basis to issue a search warrant. Defendant does not attack the observations made by the police officer, and those observations clearly demonstrate that he knew what he had seen--marijuana plants, dried marijuana, and paraphernalia.

The order denying the motion to suppress is affirmed and the judgment is affirmed.

Daniel J. Shea
Justice

-5-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices